CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 11 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

TODD JACK, )
 )
   Plaintiff, ) Civil Action No. 5:09-CV-00038
 )
v. ) **MEMORANDUM OPINION**
 )
CUTLER DAWSON, ) By: Hon. Glen E. Conrad
 ) United States District Judge
   Defendant. )

Todd Jack, proceeding pro se, filed this civil action on June 1, 2009 against Cutler Dawson, president of the Navy Federal Credit Union ("NFCU"). On June 4, 2009, the plaintiff was granted leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. After reviewing the complaint in this matter, however, the court concludes that the action must be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Background

The plaintiff's complaint alleges that on April 18, 2009, NFCU authorized the removal of plaintiff's automobile from Berkeley County, West Virginia. According to his complaint, the vehicle was then transported across state lines to Front Royal, Virginia, and then to Dulles, Virginia, in violation of 18 U.S.C. § 2313.[1] The plaintiff states that no notice of default was provided to him before the removal of the vehicle and that no compensation has been provided to him since. Based on the foregoing allegations, the plaintiff seeks damages totaling $77,000.00.

---

[1] The court notes that on May 18, 2009 and May 20, 2009, Jack filed nearly identical complaints based on the same facts, but relying instead on 18 U.S.C. § 408 and on 18 U.S.C. § 2312, respectively.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Therefore, the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## Discussion

In this case, Jack's claim is that Dawson, as president of NFCU, violated 18 U.S.C. § 2313 when NFCU transported Jack's stolen vehicle across state lines. Section 2313, however, is a criminal statute. It imposes criminal penalties of fines and imprisonment for the sale or receipt of a stolen motor vehicle which has crossed state lines. 18 U.S.C. § 2312. Consequently, the authority to enforce § 2313 lies with government authorities and not with private citizens. See Piorkowski v. Parziale, No. 3:02-CV-00963, slip op. at 8 (D. Conn. May 7, 2003). Stated differently, private citizens such as Jack have no private right of action under this statute. As

such, Jack has failed to state a claim upon which relief may be granted, and this action must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

The court notes that, as stated in his complaint, Jack has already notified the Federal Bureau of Investigation as to the specifics of his complaint, and that no action has been taken. Jack may also wish to contact the United States Attorney's Office in the district in which he believes a federal law has been violated.

## Conclusion

For the foregoing reasons, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Such dismissal shall be without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 11th day of June, 2009.

*[signature]*
United States District Judge